MEMORANDUM OPINION
{¶ 1} On January 28, 2005, appellant, Robert M. Inghram, Jr., filed a notice of appeal from a July 6, 2004 judgment of the Lake County Court of Common Pleas. Thus, appellant's notice of appeal was filed over six months after the judgment had been issued by the trial court.
 {¶ 2} App.R. 4(A) states:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rule of Civil Procedure."
 {¶ 4} App.R. 5(A) provides, in relevant part:
 {¶ 5} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 6} "(a) Criminal proceedings;
 {¶ 7} "(b) Delinquency proceedings; and
 {¶ 8} "(c) Serious youthful offender proceedings.
 {¶ 9} "(2) A motion for leave to appeal shall be filed with the courtof appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." (Emphasis added.)
 {¶ 10} In the present case, appellant has not complied with the thirty-day rule set forth in App.R. 4(A); nor did he seek leave to appeal from this court pursuant to Rule 5 (A). It is apparent that appellant filed a motion for delayed appeal in the trial court. However, App.R. 5(A)(2) specifically requires an appellant to file the motion for a delayed appeal in the appellate court. Appellant failed to do so.
 {¶ 11} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed as untimely.
 {¶ 12} Appeal dismissed.
Ford, P.J., O'Toole, J., concur.